UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Leif P. Damstoft, | ) | CASE NO. 4:23-cv-00906 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| United States Congress, *et al.*, | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* plaintiff Leif P. Damstoft has filed an *in forma pauperis* civil rights complaint in this case against the United States Congress and the United States Senate. (Doc. No. 1.) His complaint is rambling and unclear and consists of a series of grievances that the Court is unable to fully decipher about the functioning of the U.S. Congress and Senate in general and debt ceiling bills passed by Congress. Although he does not set forth cogent legal claims, he seeks various declaratory and injunctive relief, including "ceas[e ]and disist [sic] orders," "a declaration that the debt ceiling bill is not Constitutional and there[fore] is not effective," and an "order sent to the United States Treasurer to immediately do what it takes to put the United States spending requirements . . . fully met for the next 90 days and to maintain that status every 90 days to always protect the full faith and credit of the United States." (*Id.* at 5, ¶ V.)

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment

generally accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. "If the court determines at any time that it lacks subject-matter jurisdiction, the court] must dismiss the action" Fed. R. Civ. P. 12(h)(3). And "[a] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

The Court finds this action must be dismissed in accordance with Fed. R. 12(h)(3) and *Apple v. Glenn*. No matter how it is construed, plaintiff s complaint is totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. Plaintiff's general displeasure with the legislative branches of the federal government does not amount to an injury in fact necessary to satisfy the requirement of standing to sue. *See Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 485–86 (1982); *Moore v. U.S. Congress*, No.13–cv–1744, 2013 WL 4041993, at *3 (concluding that plaintiff's "generalized grievance" against Congress "which might be shared in substantially equal measure by all or a large class of citizens," does not establish that she suffered an "injury in fact"). Further, the United States and its agencies are entitled to sovereign immunity and cannot be sued without consent. *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th

Cir. 2013). Congress has not consented to be sued by citizens unhappy with congressional procedures or its legislation.

## Conclusion

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and the Court's authority established in *Apple v. Glenn*, 183 F.3d 477. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: August 3, 2023                    */s/ John R. Adams*
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE